Wardlaw, J.
I concur as to the construction which has been given to the Act of 1832, and as to the right of the company to exercise the same powers in altering the road as in originally laying it out.
It seems to me that the answer which the respondent made to the notice served upon him, does not suggest that *449 the land in question is not required for the purposes of the road, and that, therefore, the question considered in the circuit opinion was not properly presented for consideration. I concur, therefore, in the order which has been made. But I cannot permit the observations which have been made, as to the power of the company, and the duty of the court, when valuation of land is required, to pass without objection.
I think that the duty of the court is not merely ministerial, but judicial and highly responsible ; that the jurisdiction of the court depends upon the existence of the state of facts which authorizes the company to exercise that portion of the- eminent domain which has been entrusted to it — to wit: that the laud is required, that is, needed and demanded, by the company for some purpose, within its charter, for which the land might have been taken by the State ; that the proceeding should have been by suggestion and rule, or other formal mode; and that the suggestion or other entry of the company should contain an allegation of the facts necessary to authorize the interference of the court; that if this allegation be not traversed, it may be taken as admitted; but that it may be traversed, and if traversed, the issue must be tried according to the practice of the court. Whether lands taken by the company for the use of the road shall, in all cases, be vested in fee in the company, so that, the purpose for which they were taken having been abandoned, they may be sold ; or whether, in certain cases, the lands required shall still belong to the former owner and be subject at valuation only to an easement, so that the purpose for which they were taken having been abandoned, they shall remain in the owner discharged of the easement, may be sometimes a grave inquiry. Surely, it is not intended to be held, that the company may, without inquiry or even allegation, require the court to appoint commissioners to value an estate many miles from the road, and that, upon such requisition, the estate shall be vested in the company subject only to the obligation to pay the assessed value, although, in truth, it may be desired by the company only for vexation or speculation. Will it be said, that prohibi *450 tion or other remedy may be had in such case 'l It seems to me more consistent with the dignity and justice which should pertain to every court, that the court should allow the chance of inquiry beforehand, lest it might possibly be made to minister, in the smallest degree, in so flagitious a proceeding.